IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL LEE CONN                                                                                    PLAINTIFF

      v.                                    Civil No. 14-5278

PATROL DEPUTY BRETT THOMPSON;
SERGEANT MISTY CHARLES;
DEPUTY TYRONE CURTIS; CORPORAL
DANIEL HOLIDAY; DEPUTY ANDREW
GRAHAM; DEPUTY REESE; and
DEPUTY YATES                                                                                        DEFENDANTS

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

      This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*.

      Defendants have filed three motions to dismiss (Docs. 8, 12, and 23). Plaintiff has not responded to them. Plaintiff has not communicated with the Court or filed any documents since he filed the complaint.

      On June 26, 2015, a show cause order was entered (Doc. 25). Plaintiff was directed to communicate with the Court by no later than July 13, 2015, and state whether he intended to pursue this case. Plaintiff was advised that if he failed to respond to the show cause order, the case would be dismissed for failure to prosecute and failure to obey the order of the Court.

      Plaintiff has not responded to the show cause order. He has not communicated with the Court in anyway. The order was not returned as undeliverable.

Defendants' have filed a motion to dismiss (Doc. 27). They state that the Plaintiff has not provided discovery responses to them as directed in an order (Doc. 26) entered on June 26, 2015. In that order, Plaintiff was given until July 13, 2015, to provide the discovery responses to Defendants.

I therefore recommend that Defendants' motion to dismiss (Doc. 27) be granted and this case be dismissed with prejudice based on Plaintiff's failure to obey the order of the Court and his failure to prosecute this action. Fed. R. Civ. P. 41(b).

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 15th day of July 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)